YARRUT, Judge.
Plaintiff sued to recover $1,594.84, including 10% Federal tax, for local and long-distance calls to and from the telephone in the residence of Defendant in New Orleans.
From a judgment allowing Plaintiff $12.56 for local service and $67.75 long-distance calls originating from Defendant’s telephone, but disallowing the long-distance collect calls to his telephone, Plaintiff has appealed.
The District Court held that Plaintiff had failed to prove the long-distance collect calls originating out of State when the Court, upon objection by Defendant, refused to consider I.B.M. records of Defendant’s calls, which a local official of Plaintiff testified were made in the usual course of Plaintiff’s business, on the ground that LSA-Civil Code Article 2248 declares that business records of a party are not admissible in evidence in its behalf. The Court, however, did allow the I.B.M. cards to be filed in evidence under LSA-Code of Civil Procedure, Article 1636, and permitted Plaintiff to examine its official with respect to the records, and Defendant to cross-examine him.
Defendant contracted for telephone service for his residence in New Orleans on July 2, 1943, which continued until terminated by Plaintiff on February 24, 1961, for nonpayment of the charges herein sued upon.
Plaintiff is engaged in providing both intrastate and interstate telephone service, and its subscribers are governed by the rules and tariffs of the Federal Communication Commission on interstate calls, and those of the Louisiana Public Service Commission on intrastate calls. The application and rules and tariffs provide as follows:
“The undersigned requests the Southern Bell Telephone and Telegraph Company, Incorporated, to furnish telephone service and equipment as above specified and as may be ordered from time to time, either orally or in writing.
"Subject at all times to lawful Rates and Regulations.”
******
“The customer is responsible for payment of all charges for services furnished the customer, including charges for services originated or charges accepted at the customer’s station.”
******
*850 “The subscriber shall pay monthly in advance or on demand all charges for exchange service and equipment and shall pay on demand all charges for toll service. The subscriber assumes responsibility for all -charges for exchange service and toll messages originating at the subscriber’s station, and for toll messages received at the subscriber’s station on which the charges have been reversed with the consent of the person called.
“All charges due by the subscriber are payable by the subscriber at the Telephone Company’s Commercial Office or any other agency duly authorized to receive such payments. If objection in writing is not received by the Telephone Company within thirty days after the bill is rendered, the account shall be deemed correct, and binding upon the subscriber.”
Defendant, therefore, was obligated for local and long-distance calls originating from his telephone, as well as for long-distance collect calls accepted at his telephone; and was obligated to notify Plaintiff, in writing, within thirty days if he objected to any of the charges on his bill; failing in which the account was to be deemed correct, thus shifting to him the burden of proving any improper charges.
A majority of the long-distance calls were between Defendant’s minor daughter and a young- man, whom she married on May 26, 1961. The calls were made between January 14, 1961 and February 24, 1961, to and from a military camp in Illinois where the daughter’s then finance was stationed. It seems clear that they were courting by long-distance telephone, which resulted in their marriage.
In oral argument here it was conceded by both parties that the transcript filed in this Court should, but does not, contain Defendant’s daughter’s testimony regarding the number and duration of the long-distance calls between her and her financé.
As the record is not clear whether Defendant failed to object to the tolls within the thirty-day period, we refrain, at this time, from deciding who has the burden of proof, or merely the burden of going forward with the evidence. Because of the absence from the transcript of the daughter’s testimony, and the refusal of the District Court to consider Plaintiff’s evidence regarding its record, we have decided, in the interest of justice, to set aside the judgment of the District Court and to remand the case to permit both parties to complete the transcript, and to introduce any further evidence they consider necessary to the proper proof of their respective demands and defenses.
For the reasons herein assigned, the judgment of the District Court is set aside and the case remanded to the District Court to be proceeded with in accordance with law and the views herein expressed; the taxing of costs in both courts to await the final judgment.
Judgment set aside and case remanded.